SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth J. Lee (SBN 316119)
Diane H. Bang (SBN 271939)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
mumhofer@spertuslaw.com
elee@spertuslaw.com
dbang@spertuslaw.com

*Attorneys for Defendants Planned Parenthood Affiliates of California and Beth Parker*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR MEDICAL PROGRESS, a California corporation, and DAVID DALEIDEN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of California; PLANNED PARENTHOOD FEDERATION OF AMERICA, a New York corporation; PLANNED PARENTHOOD AFFILIATES OF CALIFORNIA, a California corporation; NATIONAL ABORTION FEDERATION, a Missouri corporation; STEMEXPRESS, a California LLC; KAMALA HARRIS, an individual; JILL HABIG, an individual; BETH PARKER, an individual; BRIAN CARDWELL, an individual; REYE DIAZ, an individual; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 3:20-cv-07978-WHO <br><br> **DEFENDANTS PPAC AND BETH PARKER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** <br><br> Hearing Date: March 24, 2021 <br> Time: 2:00 p.m. <br> Courtroom: 2, 17th Floor <br><br> Judge: Hon. William H. Orrick <br><br> Complaint filed: May 12, 2020 <br> Trial Date: Not Set |

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. Plaintiffs Fail to State a Claim for Selective Prosecution. ..................................2

        1. Plaintiffs have not adequately pled that similarly situated individuals have not been prosecuted. ......................................................2

        2. Plaintiffs cannot allege "impermissible grounds" for their prosecution. ...............................................................................................4

    B. Plaintiffs' § 1985(3) Conspiracy Claim Fails. .......................................................6

        1. Conspiracy and actions in furtherance of the conspiracy. .......................6

        2. Equal Protection "class-of-one" argument...............................................8

    C. Plaintiffs Fail to Adequately Plead that the PPAC Defendants Acted "Under Color of Law" ........................................................................................9

        1. Plaintiffs Cannot Make a Threshold Showing of "Decisive Steps" ........9

        2. Plaintiffs Cannot Satisfy the Joint Action Test.....................................10

IV. CONCLUSION ...................................................................................................12

# TABLE OF AUTHORITIES

**CASES** PAGE(S)

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................. 5, 6

Bolling v. Sharpe,
   347 U.S. 497 (1954) ................................................................................................. 2

Butler v. Elle,
   281 F.3d 1014 (9th Cir. 2002) .................................................................................. 8

Cobb v. Adams,
   No. C 13-04917 JSW,
   2014 WL 2212162 (N.D. Cal. May 28, 2014) ......................................................... 8

Collins v. Womancare,
   878 F.2d 1145 (9th Cir. 1989) ..................................................................... 10, 11, 12

Cortez v. Cty. of Alameda,
   No. 11–CV–03199 YGR,
   2012 WL 2992737 (N.D. Cal. July 20, 2012) ......................................................... 7

Crippen v. City of Fresno,
   No. 06-16046,
   2007 WL 1582605 (9th Cir. Apr. 23, 2007) ............................................................ 8

Engquist v. Oregon Department of Agriculture,
   553 U.S. 591 (2008) ................................................................................................. 8

Entler v. Gregoire,
   872 F.3d 1031 (9th Cir. 2017) ............................................................................. 1, 7

Fonda v. Gray,
   707 F.2d 435 (9th Cir. 1983) ................................................................................ 7, 9

Franklin v. Fox,
   312 F.3d 423 (9th Cir. 2002) ............................................................................... 9, 10

Gerhart v. Lake County,
   637 F.3d 1013 (9th Cir. 2011) .................................................................................. 8

Griffin v. Breckenridge,
   403 U.S. 88 (1971) ............................................................................................... 6, 8

Hill Street Health Services LLC v. County of Los Angeles,
   Case No. CV 16–02486–BRO (AFMx),
   2016 WL 9453998 (C.D. Cal. Nov. 16, 2016) ........................................................ 8

Hi-Top Steel Corp. v. Lehrer,
   24 Cal. App. 4th 570 (1994) .................................................................................... 8

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

Johnson v. OfficeMax, Inc.,
   2:11-CV-2578-MCE-JFM,
   2011 WL 6144280 (E.D. Cal. Dec. 9, 2011) .................................................................. 10

Kolstad v. County of Amador,
   No. CIV 2:13–01279 WBS EFB,
   2013 WL 6065315 .................................................................................................... 1, 2, 8

Lee v. Town of Estes Park,
   820 F.2d 1112 (10th Cir. 1987) ..................................................................................... 11

Macko v. Byron,
   576 F. Supp. 875 (N.D. Ohio 1983), aff'd, 760 F.2d 95 (6th Cir. 1985) ...................... 12

Mancini v. City of Cloverdale Police Department,
   Case No. 15–cv–02804–JSC,
   2015 WL 4934503 (N.D. Cal. Aug. 18, 2015) ................................................................ 8

McFarland v. American Sugar Refining Co.,
   241 U.S. 79 (1916) .......................................................................................................... 4

Nationall Abortion Federation v. Center for Medical Progress ("NAF III"),
   685 F. App'x 623 (9th Cir. 2017) .............................................................................. 2, 10

National Collegiate Athletic Association v. Tarkanian,
   488 U.S. 179 (1988) ........................................................................................................ 9

Oyler v. Boles,
   368 U.S. 448 (1962) ........................................................................................................ 2

Planned Parenthood of Greater Texas Family Planning & Preventative
   Health Services, Inc. v. Kauffman,
   981 F.3d 347 (5th Cir. 2020) .......................................................................................... 4

Rehberg v. Paulk,
   566 U.S. 356 (2012) .................................................................................................... 1, 7

Shulman v. Group W Productions, Inc.,
   18 Cal. 4th 200 (1998) ................................................................................................... 4

Snowden v. Hughes,
   321 U.S. 1 (1944) ............................................................................................................ 4

Two Guys From Harrison-Allentown, Inc. v. McGinley,
   366 U.S. 582 (1961) ........................................................................................................ 2

United States v. Oaks,
   527 F.2d 937 (9th Cir. 1975) .......................................................................................... 5

United States v. Scott,
   521 F.2d 1188 (9th Cir. 1975) .................................................................................... 2, 3

Vasquez v. County of Los Angeles,
   349 F.3d 634 (9th Cir. 2003) ...................................................................................... 3, 4

*PPAC DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS*

Case 3:20-cv-07978-WHO   Document 222   Filed 03/10/21   Page 5 of 17

Washington v. United States,
    401 F.2d 915 (D.C. Cir. 1968) .................................................................................... 2

Wilson v. City of Fresno,
    No. CV F 09–0887 LJO SMS,
    2009 WL 3233879 (E.D. Cal. Oct. 2, 2009) .............................................................. 8

Yick v. Hopkins,
    118 U.S. 356 (1886) ................................................................................................... 4

Zemel v. Rusk,
    381 U.S. 1 (1965) ....................................................................................................... 4

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................. 1, 2

Cal. Const. art. I, § 28(b)(6) ....................................................................................... 1, 7, 8

California Penal Code § 632 ............................................................................... 4, 6, 8, 10

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 12

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

## I. INTRODUCTION

Instead of stating a claim, the Complaint takes aim at the Planned Parenthood Affiliates of California ("PPAC") and PPAC's former Chief Legal Counsel Beth Parker (collectively, the "PPAC Defendants") because they sought justice for victims of Plaintiffs' crimes. There is no claim against victims, victim witnesses, or victim witnesses' representatives for making reports to law enforcement, communicating with law enforcement, or testifying in a preliminary hearing. Indeed, these activities are protected by the federal and state constitutions. Entler v. Gregoire, 872 F.3d 1031, 1043 (9th Cir. 2017) ("filing a criminal complaint . . . constitutes an exercise of the First Amendment right to petition the government . . .") (citation omitted); Cal. Const. art. I, § 28(b)(6) (a crime victim has a right "to reasonably confer with the prosecuting agency . . ."); id. at § 28(c)(1) ("the retained attorney of a victim, a lawful representative of the victim, . . . may enforce the rights enumerated in subdivision (b)"); Rehberg v. Paulk, 566 U.S. 356, 367 (2012) ("a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony" and "this rule **may not be circumvented by claiming that a grand jury witness conspired to present false testimony, or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution**.") (emphasis added). All of the allegations in the Complaint about the PPAC Defendants fall within these protected categories. The claims against the PPAC Defendants should be dismissed, with prejudice, as a result.[1]

But, the Opposition fails to cure the Complaint's defects for three additional reasons. ***First***, apparently unable to provide any applicable authority to support their selective prosecution claims, Plaintiffs simply refer to the same insufficient allegations in the Complaint. ***Second***, Plaintiffs' section 1985(3) conspiracy claim fails because Plaintiffs do not plead acts in furtherance of a conspiracy, and their "class-of-one" equal protection theory fails as a matter of law. Kolstad v. County of Amador, No. CIV 2:13–01279 WBS EFB, 2013

---

[1] Rather than opposing each of the five motions to dismiss, Plaintiffs grouped their oppositions into two omnibus briefs. To simplify matters for the Court, the PPAC Defendants reply only to those arguments that oppose the PPAC Defendants' Motion (ECF Nos. 79, 181).

1.

WL 6065315, at *9 n. 6 (E.D. Cal. Nov. 14, 2013) ("To this court's knowledge, **no court has yet to hold that a class of one may constitute a protected class for purposes of alleging a § 1985(3) claim**) (emphasis added).  *Third*, Plaintiffs fail to show that the PPAC Defendants acted under color of law, as required under 42 U.S.C. § 1983.  Plaintiffs cannot overcome these pleading failures.  The claims against the PPAC Defendants (Counts IV and V) should be dismissed with prejudice.

## II.   ARGUMENT

### A.   Plaintiffs Fail to State a Claim for Selective Prosecution.

To state a claim for selective prosecution, a plaintiff must demonstrate that (1) "others similarly situated generally have not been prosecuted for conduct similar to that for which he was prosecuted[,]" and (2) "his selection was based on an impermissible ground such as race, religion or his exercise of his first amendment right to free speech."  United States v. Scott, 521 F.2d 1188, 1195 (9th Cir. 1975).  Plaintiffs cannot meet either element.[2]

#### 1.   Plaintiffs have not adequately pled that similarly situated individuals have not been prosecuted.

Plaintiffs fail to adequately plead the first element of a selective prosecution claim – "that others similarly situated generally have not been prosecuted for conduct similar to that for which he was prosecuted." Id. at 1195.  In their Opposition, Plaintiffs assert – in a conclusory manner – that the allegations in the Complaint are "more than sufficient to satisfy the 'similarly situated' prong" and point to their allegations that "numerous other journalists

---

[2] The law Plaintiffs cite is inapposite. In United States v. Oaks, the court found no discriminatory prosecution. 527 F.2d 937, 940 n.3 (9th Cir. 1975) ("We find no evidence that improper criteria were used by the Internal Revenue Service in its investigation and recommendation of prosecution."). Washington v. United States, had the same result. 401 F.2d 915, 924-25 n.50 (D.C. Cir. 1968) ("counsel's proffer did not embrace elements essential to a successful claim of statutory discrimination."). Bolling v. Sharpe "challenges the validity of segregation in the public schools of the District of Columbia" and has nothing to do with discriminatory prosecution. 347 U.S. 497, 498 (1954). Two Guys From Harrison-Allentown, Inc. v. McGinley, 366 U.S. 582, 598 (1961) does not state the proposition for which it was cited and, in any event, found the challenged statute constitutional.  The court in Oyler v. Boles, found "it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.  Therefore, grounds supporting a finding of a denial of equal protection were not alleged." 368 U.S. 448, 456 (1962).

have made undercover recordings in confidential settings in California that were later published without consequence." (Opp'n at 4, ECF No. 214 (citing Compl. ¶¶ 37–40, ECF No. 1).) But Plaintiffs add nothing to overcome the flaws in their "similarly situated" allegations identified in the Motion.

*First*, anyone with a cell phone can make videos, but that does not make those people "journalists." As such, Daleiden is not a "journalist" simply because he claims to be one. In addition, the journalists referenced in the Complaint are not "similarly situated" to Daleiden. To be "similarly situated," the journalists to whom Plaintiffs point must have engaged in "conduct similar to that for which [Plaintiffs were] prosecuted." Scott, 521 F.2d at 1195. As discussed in the PPAC Defendants' Motion to Dismiss ("Motion"), the conduct of the other journalists Plaintiffs rely on was markedly different. (See Motion, ECF No. 79 at 12 n.11 ("The other secret recording cases 'involve[d] recordings of animals and employee interactions with animals[,]' 'do not involve multiple counties, multiple victims, the creation and use of fraudulent California documents, or deceiving law enforcement.'") (citation omitted).)

*Second*, Plaintiffs do not allege that the other journalists' recordings led to threats of violence or actual violence, as was the case here. The violence in this case – threatened and actual – both distinguishes Daleiden's conduct from those of the other journalists and provides a rational basis for charging him with a crime. See Nat'l Abortion Fed'n v. Ctr. For Med. Progress ("NAF III"), 685 F. App'x 623, 626 (9th Cir. 2017) ("After the release of the recordings [in this case], incidents of harassment and violence against abortion providers increased, including an armed attack at the clinic of one of the video subjects that resulted in three deaths."); Scott, 521 F.2d at 1195 ("It is not surprising that the government might prosecute those cases in which the violations of the tax laws appeared most flagrant.").

*Third*, Plaintiffs' reliance on Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003) fails because Vasquez is an employment discrimination case in which the court

3.

PPAC DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

described "similarly situated" individuals as those with "similar jobs." Id.  This case is not an employment discrimination case and, at any rate, Daleiden is not a journalist. (Opp'n 4.)[3]

### 2. Plaintiffs cannot allege "impermissible grounds" for their prosecution.

Plaintiffs argue they were selected for prosecution not because they broke the law, but because prosecutors sought to suppress their speech. (Opp'n at 5, ECF No. 214 ("The Complaint pleads facts showing that the *motive* behind the entire enterprise of investigating and prosecuting Plaintiffs is suppression of their speech." (emphasis in original)).)  Once again, Plaintiffs' Opposition lends no legal support to the allegations and fails to refute the PPAC Defendants' argument in their Motion (id. at 4-5) for at least three reasons.

***First***, Plaintiffs assert – without explanation or support – that "Defendants' citation to Shulman and Zemel for the proposition that journalists can be prosecuted if they violate the law while gathering information is inapposite." (Id. at 5.)  Indeed, Zemel v. Rusk is directly on point in holding that the First Amendment *did not permit* a journalist to break the law and visit Cuba because the "right to speak and publish does not carry with it the unrestrained right to gather information." 381 U.S. 1, 17 (1965).  And Shulman v. Group W Productions, Inc., speaks directly to the statute at issue here, Penal Code section 632, in holding that there is no First Amendment right to "use . . . secret devices to record private conversations." 18 Cal. 4th 200, 239 (1998).  Plaintiffs cannot distinguish these cases.

***Second***, Plaintiffs' claim – without any authority – that their allegations are sufficient because "the *motive* behind" prosecuting Plaintiffs was purportedly "suppression of their

---

[3] Plaintiffs' citation to Planned Parenthood of Greater Texas Family Planning & Preventative Health Services, Inc. v. Kauffman, 981 F.3d 347 (5th Cir. 2020), has no application here because it is about compliance with Texas state Medicaid policies.  It has nothing to do with the secret recordings underlying the criminal prosecution *in California*.  Likewise, Snowden v. Hughes, 321 U.S. 1, 6 (1944), is inapt because, as an employment discrimination case, it has nothing to do with "similarly situated" individuals for prosecution. McFarland v. American Sugar Refining Co., 241 U.S. 79, 86 (1916), is not about selective prosecution either. And, while Yick v. Hopkins, 118 U.S. 356, 368 (1886), is about selective enforcement of city ordinances, the facts are distinguishable because the comparison was between "similarly situated" laundry operators – and the discriminated group was Chinese immigrants.  Here, there is no "similarly situated" group with which to compare.

4.

PPAC DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

speech." (Opp'n at 5, ECF No. 214 (citing Compl. ¶¶ 108, 112, 119, 121, 128, ECF No. 1).) Here, Plaintiffs ask the Court to *infer* discriminatory motive with no supporting facts. (Motion at 23, ECF No. 79.) Courts do not *infer* discrimination where an "obvious alternative explanation" exists. See Ashcroft v. Iqbal, 556 U.S. 662, 682 (2009) ("As between that 'obvious alternative explanation' for the arrests . . . and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion.") (citation omitted).

Moreover, the allegations Plaintiffs cite do not support the notion that the AG prosecuted Plaintiffs to suppress their speech. As explained more thoroughly in the Motion, Plaintiffs' allegations in paragraphs 108 and 128 of the Complaint consist of quotations misleadingly cobbled together and taken out of context. (See Motion at 14-15, ECF No. 79.) Indeed, the full quote referenced in paragraph 108 of the Complaint sets forth several *permissible* reasons the AG selected Daleiden for prosecution. (Id. at 15); (see Motion, Lee Decl. Ex. A, at 16 & n.2, ECF No. 79-2) (the reasons for prosecution include the (1) "multi-county conspiracy," (2) the numerosity of victims, and (3) "the creation and use of fraudulent California documents, or deceiving law enforcement."). Plaintiffs also lean heavily on local law enforcement decisions *not* to prosecute Daleiden as purported evidence of a conspiracy within the AG to prosecute him, however, Plaintiffs omit the relevant context. The reason the AG took over the prosecution was because Plaintiffs' crimes spanned multiple counties. (Motion, Lee Decl. ¶ 5 Ex. A, at 6, ECF Nos. 79-1, 79-2.)

***Third***, even taken as true, Paragraphs 112, 119, and 121, do not support Plaintiffs' contention that Daleiden was prosecuted for the content of his speech. In Paragraph 112, Plaintiffs claim they have documents to show that Defendants "falsely and artificially inflated the number of so-called 'security incidents' at their clinics in order to fabricate a narrative of Plaintiffs' speech as violent and dangerous." (Compl. ¶ 112, ECF No. 1.) This claim, even if true (which it is not), does not support the proposition that the AG prosecuted Plaintiffs because of the content of their speech. In paragraph 119, Plaintiffs allege that an attorney "who on information and belief represents one of the California Department of Justice

5.

agents[,]" provided Plaintiffs with "excerpts from an intake report" that supposedly shows that "[t]he Special Agent Defendants believed the warrant was not supported by probable cause, was not being sought in good faith, and should not issue." (Id. ¶ 119.)  This allegation does not show an improper motive by the AG because Plaintiffs do not indicate why the Special Agent Defendants disagreed with the issuance of the warrant. (Id.) The Special Agent Defendants could have disagreed with the decision to issue a warrant for any number of reasons other than a motive by the AG to suppress Daleiden's speech. Finally, in Paragraph 121, Plaintiffs cite the testimony of Defendant Cardwell at the Preliminary Hearing, which, according to Plaintiffs, shows that Agent Cardwell did not adequately analyze the implications of the "confidential communications" requirement under section 632 or the application of the affirmative defense in section 633.5. (Id. ¶ 121.) However, the portion of Agent Cardwell's testimony to which Plaintiffs refer calls for legal conclusions, but Agent Cardwell is not an attorney. Nor does his testimony show any motive to suppress Plaintiffs' speech. Even viewed together and taken as true, "discrimination is not a plausible conclusion" based on Plaintiffs' allegations in the Complaint. Ashcroft, 556 U.S. at 682.

### B.   Plaintiffs' § 1985(3) Conspiracy Claim Fails.

To state a claim for conspiracy under § 1985(3), Plaintiffs must allege that the PPAC Defendants (1) conspired (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and that (3) one or more of the conspirators acted in furtherance of the conspiracy, causing injury to Plaintiffs by depriving them of constitutional rights. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). The Opposition does not salvage the insufficient allegations in the Complaint.

#### 1.   Conspiracy and actions in furtherance of the conspiracy.

Plaintiffs' showing on the first and third elements falls short. As to the first element, Plaintiffs fail to plead that the PPAC Defendants "conspired with those acting under color of state law," because Plaintiffs impermissibly rely on protected communications between the PPAC Defendants and law enforcement to support this claim. (Opp'n at 6-7, ECF No. 214

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

(quoting Compl. ¶ 193, ECF No. 1).)  Such communications are insufficient to allege "an agreement or 'meeting of the minds' to violate constitutional rights[,]" as required to allege conspiracy in this context.  Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983); see also Cortez v. County of Alameda, No. 11–CV–03199 YGR, 2012 WL 2992737, at *6 (N.D. Cal. July 20, 2012) ("Neither making complaints to the County Defendants nor 'urging' the County Defendants [to prosecute] plausibly suggests 'an agreement or "meeting of the minds"' to form a conspiracy [for selective prosecution]; simply alleging that every Defendant acted with discriminatory intent does not establish a meeting of the minds on a common objective.").

Here, Plaintiffs point to allegations that reveal nothing more than protected communications between crime victims and law enforcement, such as the July 21, 2015 email from Ms. Parker to Jill Habig "stating Planned Parenthood 'acted in full compliance with all federal and state laws[,]'" (Opp'n at 6, ECF No. 214 (quoting Compl. ¶ 81, ECF No. 1)) or the allegations that, after the Pasadena Police Department declined to charge Daleiden, Ms. Habig sent California DOJ officials the names of individuals who had received threats because of Daleiden's videos.  (Id. at 6-7 (citing Compl. ¶¶ 82-86, ECF No. 1).)  However, as discussed in greater detail in the Motion (Motion at 16-18, ECF No. 79), these communications with law enforcement are protected by (1) the First Amendment right to petition the government (Entler, 872 F.3d at 1043), (2) witness immunity (Rehberg, 566 U.S. at 367), and (3) the California Constitution's victim protection provisions.  Cal. Const. art. I, § 28(b)(6); id. at § 28(c)(1).

***First***, while Plaintiffs claim that they do "not seek to hold the private Defendants liable for police reports" (Opp'n at 18, ECF No. 214), the conspiracy allegations about the PPAC Defendants rest entirely on communications with law enforcement, including the filing of police reports.  (Id. at 6-7.)  This is protected First Amendment conduct and cannot serve as the basis for Plaintiffs' claims of conspiracy.  See Entler, 872 F.3d at 1043.  ***Second***, Plaintiffs' claim that this case is not based on witness testimony, which is protected from section 1983 claims by witness immunity, is undermined by the numerous allegations in the Complaint that focus on preparations for the preliminary hearing and victim witness

7.

testimony at that hearing.  (See, e.g., Compl. ¶ 125, ECF No. 1 ("the co-conspirator Defendants agreed to give false testimony against Mr. Daleiden at the Preliminary Hearing . . ."); id. ¶¶ 83, 89, 99.)  **Third**, the California constitution's victim protections (see e.g., Cal. Const. art. I, § 28(b)(6); id. at § 28(c)(1)) apply here and protect communications with the prosecutor both by victims and by victim representatives like Ms. Parker and PPAC.  Furthermore, Hi-Top Steel Corp. v. Lehrer, 24 Cal. App. 4th 570, 579 (1994), is inapplicable because that case does not mention the California Constitution's protection of victims' rights at all nor does the sham exception to the Noerr-Pennington doctrine apply.

### 2. Equal Protection "class-of-one" argument

Plaintiffs' conspiracy claim also fails on the second element – for the purpose of depriving a person or class of persons of the equal protection of the laws – which Plaintiffs' seek to fulfill by arguing a "class-of-one" equal protection theory. (Opp'n at 10, ECF No. 214.)  It is well-established that a "class of one" theory is not permissible under section 1985(3) which requires "racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]"  Griffin, 403 U.S. at 102.  The Ninth Circuit "require[s] lower courts to exercise restraint in extending § 1983(5) beyond racial prejudice."  Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002).  "As a result, district courts **have rejected Section 1985(3) claims premised on class-of-one discrimination** due to personal animus."  Mancini v. City of Cloverdale Police Dep't, Case No. 15–cv–02804–JSC, 2015 WL 4934503, at *4 (N.D. Cal. Aug. 18, 2015) (emphasis added); Kolstad, 2013 WL 6065315, at *9 n. 6; Cobb v. Adams, No. C 13-04917 JSW, 2014 WL 2212162, at *5 (N.D. Cal. May 28, 2014) (dismissing section 1985(3) claim where plaintiff relied on "class-of-one" theory).  Here, Plaintiff's Section 1985(3) claim is based *solely* on class-of-one discrimination and does not allege membership in any suspect or quasi-suspect class.  The section 1985(3) claim, thus, fails.[4]

---

[4] Plaintiffs also fail to meet the "class of one" standard which requires Plaintiffs to demonstrate that Defendants (1) intentionally (2) treated Plaintiffs differently from other similarly situated organizations (3) without a rational basis.  Gerhart v. Lake County, 637 F.3d 1013, 1022 (9th Cir. 2011).  Both here, supra § II.A.1, and in the Motion, (Motion at 12, ECF No. 79), the PPAC Defendants explain why the other journalists to whom Plaintiffs compare themselves are not similarly situated.  But Plaintiffs' "class-of-one" theory also fails because the Complaint does not indicate "the existence of a clear standard" that raises "a

8.

C.  **Plaintiffs Fail to Adequately Plead that the PPAC Defendants Acted "Under Color of Law"**

A claim under section 1983 requires the plaintiff to allege a constitutional violation by a defendant acting under color of law.  Fonda, 707 F.2d at 437.  Plaintiffs cannot make this showing as to the PPAC Defendants and the section 1983 claim fails as a result.

1.  **Plaintiffs Cannot Make a Threshold Showing of "Decisive Steps"**

Plaintiffs argue that the Private Defendants, acted under color of law by taking "decisive steps" to cause Plaintiffs' harm.  (Opp'n at 11–14, ECF No. 214.)   This argument is insufficient as a matter of law.  The "decisive step" language originates from National Collegiate Athletic Ass'n v. Tarkanian, in which the Supreme Court explained that if "a private party has taken the decisive step that caused the harm to the plaintiff," then "the question is whether the State was sufficiently involved to treat that decisive conduct as state action."  488 U.S. 179, 192 (1988).  Thus, under Tarkanian, the "decisive step" in causing harm is a threshold requirement *before* application of one of the four tests to determine whether the State was so involved as "to treat the decisive conduct as state action."  488 U.S. at 192; Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (the four tests to determine state action include "(1) the public function test; (2) the joint action test; (3) the state compulsion

---

concern of arbitrary treatment." Engquist v. Or. Dep't of Agric., 553 U.S. 591, 602-03 (2008).  To state a viable "class-of-one" claim, Plaintiffs must plead facts indicating that, by enforcing California Penal Code section 632 against them, the AG departed from a clear standard or practice of *not* enforcing section 632 that could create an inference of arbitrary treatment of Plaintiffs.  Gerhart, 637 F.3d at 1022 (plaintiff established unique treatment where at least ten other property owners were treated differently); Hill Street Health Servs. LLC v. County of Los Angeles, Case No. CV 16–02486–BRO (AFMx), 2016 WL 9453998, at *8 (C.D. Cal. Nov. 16, 2016) ("[P]ointing to one other organization [that] was treated differently **is not enough**.") (emphasis added).  To support their equal protection claim, Plaintiffs point to three differently situated journalists who made secret recordings. (Compl. ¶¶ 37-39, ECF No. 1.)  This showing is insufficient to establish that the AG's office has a clear standard of not enforcing section 632.  Finally, Plaintiffs cannot show that there was no rational basis for the prosecution.  The AG had a rational basis for prosecuting Daleiden.  (See supra § II.A.1); (Motion at 12 n.11, ECF No. 79).  Crippen v. City of Fresno, No. 06-16046, 2007 WL 1582605 (9th Cir. Apr. 23, 2007) ("Government action only fails rational basis scrutiny if **no sound reason** for the action can be hypothesized.") (emphasis added); Wilson v. City of Fresno, No. CV F 09–0887 LJO SMS, 2009 WL 3233879, at *8 (E.D. Cal. Oct. 2, 2009) ("A decision 'can be considered irrational' only when the decision-maker 'acts with no legitimate reason for its decision.'") (citation omitted).

9.

*PPAC DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS*

test; and (4) the governmental nexus test."). Plaintiffs' contention that the PPAC Defendants took "decisive steps" in causing harm, even if true (which it is not), is insufficient to allege that the PPAC Defendants acted "under color of law.

In addition, the purported "decisive steps" Plaintiffs allege against the PPAC Defendants are communications with law enforcement on behalf of crime victims, (Opp'n at 11, ECF No. 214) not acts in furtherance of a conspiracy. Such actions are protected by the federal and state constitutions. (See, *supra*, § II.B.1.)  Furthermore, Plaintiffs assertions that the PPAC Defendants manufactured the increased violence at Planned Parenthood health centers are demonstrably false. See, e.g., NAF III, 685 F. App'x at 626 (linking Plaintiffs' videos to three murders and other "incidents of harassment and violence against abortion providers"). Reports of violence to law enforcement are not actionable under section 1983. Johnson v. OfficeMax, Inc., 2:11-CV-2578-MCE-JFM, 2011 WL 6141280, at *6 (E.D. Cal. Dec. 9, 2011) ("[C]ourts have repeatedly held that a private citizen does not become a 'state actor' under Section 1983 by making a complaint to the police.").

### 2. Plaintiffs Cannot Satisfy the Joint Action Test

Plaintiffs also rely on the joint action test to argue that the PPAC Defendants acted under color of law. (Opp'n at 13-14, ECF No. 214.) Plaintiffs contend that their "detailed factual allegations regarding the interdependency between the State Defendants and the private Defendants in conspiring to manufacture an unlawful basis to criminally prosecute Daleiden under Cal. Penal Code § 632" satisfy the joint action test. (Id. at 13.) But the cases Plaintiffs cite do not support their argument.

***First***, Plaintiffs point to Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989), for the contention that the PPAC Defendants "must be recognized as a joint participant" because of their communications with law enforcement. (Opp'n at 13, ECF No. 214.) But the Collins court *rejected* the plaintiff's joint action argument in that case. 878 F.2d at 1155 ("[W]e hold that the facts alleged by the Collins group fail as a matter of law to satisfy the joint activity test for state action under section 1983."). The Collins court cited several cases holding that "merely complaining to the police does not convert a private party into a state

10.

1   actor."  Id.  Indeed, the court cited a Tenth Circuit case where the court concluded that joint

2   action was not present even where the private party "effect[ed] [a] citizen's arrest, . . .

3   transported the arrested party to the police station, attempted to persuade the police to file

4   charges, and swore out a complaint against the arrested party."  Id. (citing Lee v. Town of

5   Estes Park, 820 F.2d 1112, 1114 (10th Cir. 1987)).

6        Moreover, Collins and the case law on which it relies do not support Plaintiffs'

7   argument because Plaintiffs have the test backward: they focus on the PPAC Defendants'

8   alleged pressure on law enforcement to act.  (Opp'n at 13, ECF No. 214.)  But the joint action

9   test actually asks whether "**the state** has 'so far insinuated **itself** into a position of

10  interdependence with [the private entity] that it must be recognized as a joint participant in the

11  challenged activity[.]'"  Collins, 878 F.2d at 1154 (emphasis added) (citations omitted).  For

12  that reason, the Collins court makes the following points in rejecting the plaintiff's joint action

13  theory: (1) "the impetus for the arrests came from Womancare employees and not San Diego

14  police officers" and (2) "the police officer refused, after conducting an independent

15  investigation, to arrest the protesters on his own authority."  Id. at 1155.  Womancare's

16  complaints to law enforcement did not render its actions "under color of law."  Id. at 1149.

17       ***Second***, Plaintiffs point to Macko v. Byron, 576 F. Supp. 875, 882 (N.D. Ohio 1983),

18  aff'd, 760 F.2d 95 (6th Cir. 1985) (Opp'n at 14, ECF No. 214) in another failed attempt to

19  satisfy the "joint action" test.  But in Macko, the plaintiffs "neither intended to nor did assert a

20  claim against the defendants for selective prosecution" and the court dismissed the case.

21  Macko, 576 F. Supp. at 882.  Thus, Macko does not help Plaintiffs establish that the PPAC

22  Defendants acted "under color of law."

23       ***Third***, Plaintiffs argue that the PPAC Defendants' communications with the AG's

24  office are sufficient to establish that the PPAC Defendants acted under color of law.  (Opp'n at

25  13-14, ECF No. 214 ("These assertions coupled with the additional emails exchanged between

26  the PPAC Defendants sufficiently allege that the State Defendants so aligned themselves with

27  the PPAC Defendants (and PPFA) (and NAF) that they must all be recognized as a joint

28  participant in the challenged criminal prosecution at bar.").)  This argument fails for two

reasons: (1) as discussed above, there was no conspiracy in which to operate under color of law, (see, supra § II.B.1) and (2) communicating with law enforcement regarding a crime is neither joint action, nor action under color of law.  Collins, 878 F.2d at 1155 ("[M]erely complaining to the police does not convert a private party into a state actor.").

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' fourth and fifth claims for relief against the PPAC Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

Dated:  March 10, 2021         SPERTUS, LANDES & UMHOFER, LLP

By:     /s/ Elizabeth J. Lee
        Matthew Donald Umhofer
        Elizabeth J. Lee
        *Attorneys for Defendants Planned Parenthood
        Affiliates of California and Beth Parker*

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

12.

PPAC DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS