ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
DIANA ESQUIVEL
Deputy Attorney General
State Bar No. 202954
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7320
  Facsimile: (916) 322-8288
  E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants Rob Bonta (formerly
Attorney General Xavier Becerra) and Kamala
Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **THE CENTER FOR MEDICAL PROGRESS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA (formerly Xavier Becerra), in his official capacity as Attorney General of California, et al.,**<br><br>Defendants. | No. 3:20-cv-07978 WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          March 25, 2025<br>Time:          2:00 p.m.<br>Courtroom:  via Zoom<br>Judge:         Honorable William H. Orrick<br>Trial Date:   None<br>Action Filed: May 12, 2020 |

   The parties, by and through their respective counsel of record, submit this Joint Case

Management Statement as required under Local Rule 16-9 and the Court's February 25, 2025

Minute Order (ECF No. 237). On March 17, 2025, counsel for the parties met and conferred to

discuss whether the pending stay in this case should be lifted or if the case should be dismissed.

   The Defendants agree that the Court should lift the stay and Plaintiffs do not object. The

parties have different positions on whether the case should be dismissed.

1    **Plaintiffs' Position:**  Dismissal of this Complaint is not properly before the Court. This

2    Court granted Plaintiffs leave to amend their complaint (ECF No. 226), and Plaintiffs intend to do

3    so. Once Plaintiffs amend their Complaint, Defendants will have the opportunity to brief how

4    recent court decisions may or may not impact this litigation. Counsel for Plaintiffs has three

5    different Circuit Court and one SCOTUS brief due in the next month. As such, Plaintiff

6    respectfully requests that the Court set Plaintiffs' deadline to file their amended complaint for

7    May 9, 2025.

8    **Defendants' Position:**  Plaintiffs filed their complaint in this case on May 12, 2020,

9    asserting various claims under Sections 1983 and 1985, all related to alleged selective prosecution

10   of David Daleiden for violation of California Penal Code § 632.  Defendants filed motions to

11   dismiss and to stay, and on May 7, 2021, this Court granted the motions, dismissed with prejudice

12   the Fifth and Sixth Causes of Action and Defendants Diaz and Caldwell, dismissed the remaining

13   claims in the Complaint with leave to amend, and stayed this action pending resolution of the

14   related state-court proceedings as well as related proceedings before the Ninth Circuit.  (ECF No.

15   226.)

16   On January 27, 2025, David Daleiden pleaded no contest to violating California Penal Code

17   section 632(a), a felony, in *People v. Daleiden*, *et al.* (San Francisco County Superior Court Nos.

18   2502505 and 17006621).  As a result of that plea, as well as the Ninth Circuit's decision in

19   *Planned Parenthood Federation of America, Inc. v. Newman*, 51 F.4th 1125 (9th Cir. Oct. 21,

20   2022), cert. denied 144 S.Ct. 263 (Oct. 2, 2023), in which the Court "affirm[ed] the award of

21   infiltration and security damages and the award of punitive damages" following a jury trial,

22   Defendants believe that this case should be dismissed because several doctrines of issue

23   preclusion apply.  *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that "a claim

24   for damages under § 1983 is barred when success on that claim "would necessarily imply the

25   invalidity of [a defendant's] conviction or sentence"); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136,

26   1139 (9th Cir. 2004) (holding that the *Rooker-Feldman* doctrine prohibits a federal district court

27

28

from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment).[1]

During the parties' March 17, 2025 meet-and-confer discussions, Plaintiffs' counsel indicated that they were still evaluating whether Plaintiffs would continue to pursue the Fourth Cause of Action in this case, but asserted that they believed the First through Third Causes of Action should proceed after the stay is lifted and Plaintiffs file the amended complaint.

If the Court is not inclined to dismiss the entire case *sua sponte*, Defendants request that the Court order Plaintiffs to file their amended complaint, as directed in the Court's May 7, 2021 Order on Motions to Dismiss or Stay (ECF No. 226), no later than 30 days after the Case Management Conference. Plaintiffs have had almost four years since the Court issued the order granting the motions to dismiss to prepare an amended complaint, therefore Defendants believe than 30 days to amend is sufficient.


Dated:  March 18, 2025                    Respectfully submitted,

                                          ROB BONTA
                                          Attorney General of California
                                          NORMAN D. MORRISON
                                          Supervising Deputy Attorney General

                                          */s/ Diana Esquivel*

                                          DIANA ESQUIVEL
                                          Deputy Attorney General
                                          *Attorneys for Defendants Bonta and Harris*

Dated: March 18, 2025                     KEKER, VAN NEST & PETERS LLP

                                          */s/ Erin E. Meyer*

                                          ERIN E. MEYER
                                          CARA R. MEYER
                                          *Attorneys for Defendant Jill Habig*

---

[1] In its May 7, 2021 Order (ECF No. 226), the Court stated that, after the stay is lifted, arguments that the *Rooker-Feldman* doctrine requires dismissal may be revisited.

3

| | |
|---|---|
| 1 | Dated: March 18, 2025 | ARNOLD & PORTER KAYE SCHOLER LLP |

Dated: March 18, 2025

ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Rhonda R. Trotter X*

RHONDA R. TROTTER
OSCAR RAMALLO
*Attorneys for Defendant Planned Parenthood of America*

Dated: March 18, 2025

UMHOFER, MITCHELL & KING, LLP

*/s/ Matthew Donald Umhofer*

MATTHEW DONALD UMHOFER
DOLLY HANSEN
*Attorneys for Defendants Planned Parenthood Affiliates of California and Beth Parker*

Dated: March 18, 2025

TADJEDIN THOMAS & ENGBLOOM LAW GROUP LLP

*/s/ Wendy M. Thomas*

WENDY M. THOMAS
BETTY T. HUYNH
*Attorneys for Defendant National Abortion Federation*

Dated: March 18, 2025

*/s/ Mark P. Meuser*

Harmeet K. Dhillon (SBN: 207873)
Mark P. Meuser (SBN: 231335)
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
Tel: 415-433-1700
Fax: 415-520-6593
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com
*Attorneys for Plaintiffs*

The filer, Diana Esquivel, attests that all other signatories listed above, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

*/s/ Diana Esquivel*
Diana Esqiuivel